UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JAMES GARSON,
:
:  __ CV _____ (__)(__)
                Plaintiff,  :
:
   -against-  :  **COMPLAINT**
:
ROBIN GARSON, individually and as voluntary  :  **JURY TRIAL DEMANDED**
administrator of the Estate of Gerald P. Garson, and the  :
ESTATE OF GERALD P. GARSON,  :
:
                Defendants.  :
------------------------------------------------------------ X

Plaintiff James Garson ("Plaintiff" or "James Garson"), as and for his complaint against defendants Robin Garson ("Robin Garson"), individually and as voluntary administrator of the Estate of Gerald P. Garson (the "Estate"), by and through his undersigned counsel, alleges as follows:

## NATURE OF ACTION

1.    This action arises out of the refusal of defendant Robin Garson, individually and as voluntary administrator of the Estate, to repay a $210,000 demand loan that the plaintiff James Garson extended to her and her late husband Gerald P. Garson ("Gerald Garson") while Gerald Garson and Robin Garson were under criminal investigation for judicial misconduct, and while Gerald Garson was battling serious illness.

2.    James Garson, Robin Garson, and Gerald Garson agreed that the demand Loan would be secured by a pledge of life insurance proceeds or the surrender value of life insurance policies insuring the lives of Robin Garson and Gerald Garson, as well as by the proceeds of sale or refinancing of the cooperative apartment then jointly owned by Robin Garson and Gerald Garson. A letter signed by Robin Garson and Gerald Garson memorializes this

agreement.

3. Following Gerald Garson's death in February 2016, James Garson demanded repayment of the Loan and the proceeds of the life insurance policies, which insured Gerald Garson's life that secured the Loan (the "Life Insurance Proceeds"), but neither Robin Garson nor the Estate of Gerald P. Garson (the "Estate") has repaid any portion of the Loan or provided James Garson with the Life Insurance Proceeds.

4. Therefore, Plaintiff James Garson brings this action for breach of contract, unjust enrichment, and for a constructive trust, seeking repayment of the Loan and the establishment of a constructive trust over the assets pledged in security of the Loan, including the Life Insurance Proceeds, the surrender value of all life insurance proceeds insuring the life of Robin Garson, and the Apartment.

## PARTIES

5. Plaintiff James Garson is a citizen and resident of the State of New Jersey.

6. Defendant Robin Garson is James Garson's step-mother. Upon information and belief, Robin Garson is a citizen and resident of the State of New York.

7. Defendant Estate was created upon the death of Gerald Garson, James Garson's late father and Robin Garson's late husband. Robin Garson and the Estate are collectively referred to herein as the "Defendants." Plaintiff and Defendants are referred to herein each as a "Party" and collectively as the "Parties."

8. Upon information belief, Robin Garson is the voluntary administrator of the Estate.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this action is between a plaintiff who is a citizen and resident of the State of New Jersey and a defendant who is a citizen and resident of the State of New York, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over the Robin Garson by virtue of her residence and activities within this State and this District under New York Civil Practice Law and Rules 301.

11. This Court has personal jurisdiction over the Estate because Gerald Garson lived in New York when he died, because the Estate is being administered in New York, and because upon information and belief, Robin Garson, the voluntary administrator of the Estate, resides in New York.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) (1).

## FACTUAL BACKGROUND

13. In or about 2007, James Garson made a $210,000 demand loan (the "Loan") out of love and affection to his father Gerald Garson and stepmother Robin Garson to assist both of them, among other things, with the payment of legal fees in connection with the criminal investigation of each of them and charges lodged against Gerald Garson, which resulted in his subsequent conviction and incarceration, and for other necessary expenses, including, but not limited to, health care-related and personal expenses.

14. Many if not most of the advances constituting the Loan were made directly to Robin Garson.

15. At the time the Loan was made, Robin Garson personally promised to repay the Loan and to secure the repayment of the Loan by a pledge of life insurance proceeds or the surrender value of life insurance policies insuring the lives of Robin Garson and Gerald Garson, as well as by the proceeds of sale or refinancing of the cooperative apartment then jointly owned by Robin Garson and Gerald Garson located at 300 East 74th Street, Apt. 28B, New York, New York 10021 (the "Apartment").

16. To that end, on June 4, 2007, Robin Garson wrote the handwritten letter (the "Letter") signed by Robin Garson and Gerald Garson, which reads as follows:

> From: Robin Garson
> To: Stacey and James Garson
>
> This is my pledge to you and your heirs –
>
> That money extended to me or to Gerald Garson as a loan is hereby secured by either of the following:
>
> 1. The profits from the sale of the shares representing the corresponding interest in our apartment's cooperative corporation or the proceeds of the refinance of the co-op mtg. and/or
>
> 2. The proceeds of any life insurance policy either upon the death of either Robin or Gerald Garson, or the surrender value of that/those policies or any combination of the above.

The Letter further provides "above to be formalized by written contract." A true and correct copy of the Letter is attached hereto as Exhibit A.

17. In or about September 2007, while Gerald Garson was incarcerated, counsel for James Garson prepared a proposed Promissory Note, a proposed Cooperative Apartment Loan Security Agreement, and a proposed Authorization to File Financing Statement (collectively, the "Loan Documents"). True and correct copies of each of the Loan Documents are attached hereto as Exhibits B, C and D respectively.

18.     Despite Robin Garson and Gerald Garson's promise in the Letter to formalize the loan, Robin Garson refused to sign the Loan Documents and instead, after some delay, signed only an edited version of the Promissory Note dated October 23, 2007 (the "Note"), a true and correct copy of which is attached hereto as Exhibit E.

19.     Robin Garson signed the Note on behalf of Gerald Garson has his "a.i.f." or "attorney in fact," upon information and belief, pursuant to a power of attorney in which Gerald Garson appointed Robin Garson as his attorney in fact. Robin Garson refused to sign the Note personally despite her written and oral promises to do so.

20.     Prior to the execution of the Note, handwritten changes were made to the Note indicating that principal is not due on demand sooner than nine months, and the word "not" in the first sentence of the fourth paragraph of the Note was deleted so that the sentence provides as follows: "The Holder shall be required to look to any collateral pledged or held by it for the payment of this Note, but may proceed against the Maker in such manner as it deems desirable."

21.     Following Gerald Garson's death in early February 2016, James Garson requested that Robin Garson and the Estate repay the Loan and provide him with related information regarding the Life Insurance Proceeds and the assets of the Estate.

22.     Robin Garson refused all of James Garson's requests.

23.     James Garson received a notice (the "Surrogate's Court Notice") from the New York County Surrogate's Court (the "Surrogate's Court") dated April 25, 2016 indicating that an Affidavit of Voluntary Administration was filed with the Surrogate's Court in connection with the Estate, and further indicating that the Estate's assets have a total value of less than $30,000 exclusive of jointly held property or insurance, bonds, etc., payable to the named beneficiary, after any NYEPTL exemption is deducted. It further provides that James Garson is

listed in the Affidavit as a distribute of Gerald Garson or as a beneficiary named in the will, but does not indicate whether a will was submitted for probate. The Surrogate's Court Notice further provides that any questions concerning the Estate should be directed to Robin Garson. A true and correct copy of the Surrogate's Court Notice is attached hereto as Exhibit F.

24. On May 2, 2016, counsel for James Garson sent a letter (the "Demand Letter") outlining these facts and demanding (a) any wills signed by Gerald Garson; (b) any and all life insurance policies insuring his or Robin Garson's life; (c) the Life Insurance Proceeds up to the sum of $210,000; (d) the share certificates, proprietary lease, and any and all loan and security documents relating to Gerald Garson and Robin Garson's ownership of the Apartment; and (e) any and all other documents reflecting assets of Gerald Garson at the time of his death. A true and correct copy of the Demand Letter is attached hereto as Exhibit G.

25. Despite receiving the Demand Letter, Robin Garson and the Estate have refused to repay the Loan.

### FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

26. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

27. In or about 2007, the Parties entered into an agreement whereby James Garson would extend to Robin Garson and Gerald Garson funds as a demand loan secured by a pledge of life insurance proceeds or the surrender value of life insurance policies insuring the lives of Robin Garson and Gerald Garson, as well as by the proceeds of sale or refinancing of the cooperative apartment then jointly owned by Robin Garson and Gerald Garson.

28. This agreement was memorialized by the Letter signed by Robin Garson and Gerald Garson dated June 4, 2007.

29. Although Robin Garson wrongfully refused to execute any of the Loan Documents on her own accord, the Parties' agreement was further memorialized by the Note executed by Robin Garson as Gerald Garson's attorney in fact on October 23, 2007.

30. In early February 2016, following the death of Gerald Garson, James Garson demanded repayment of the loan. A written demand was later made again via the Demand Letter dated May 2, 2016 from James Garson's counsel to Robin Garson.

31. Robin Garson and the Estate have refused to repay the Loan following James Garson's demand and have refused to provide James Garson with the Life Insurance Proceeds that secured the Loan.

32. Because of the Defendants' breach of the Parties' agreement, James Garson has suffered $210,000 in damages.

## SECOND CAUSE OF ACTION FOR UNJUST ENRICHMENT

33. By their receipt of the Loan from James Garson, Robin Garson and the Estate have been enriched at James Garson's expense.

34. As evidenced by the Letter, Robin Garson and Gerald Garson agreed to repay the Loan upon demand and secure the repayment of the Loan by a pledge of life insurance proceeds or the surrender value of life insurance policies insuring the lives of Robin Garson and Gerald Garson, as well as by the proceeds of sale or refinancing of the cooperative apartment then jointly owned by Robin Garson and Gerald Garson.

35. Robin Garson then refused to repay the Loan or provide the Life Insurance Proceeds that secured the Loan to James Garson.

36. Therefore, it is against equity and good conscience to permit Robin Garson and/or the Estate to retain the proceeds of the Loan and the life insurance policies insuring the life of Gerald Garson.

### THIRD CAUSE OF ACTION FOR CONSTRUCTIVE TRUST

37. James Garson is the son of Gerald Garson and step-son of Robin Garson and made the loan out of love and affection for them while Gerald Garson was under investigation for judicial misconduct and suffering from substantial health problems.

38. Gerald Garson and Robin Garson promised to repay the Loan and, as memorialized by the Letter, promised to secure the repayment of the Loan by a pledge of life insurance proceeds or the surrender value of life insurance policies insuring the lives of Robin Garson and Gerald Garson, as well as by the proceeds of sale or refinancing of the cooperative apartment then jointly owned by Robin Garson and Gerald Garson.

39. James Garson reasonably relied upon Gerald Garson and Robin Garson's promise in making the Loan.

40. Robin Garson and the Estate have refused to repay the Loan or provide the Life Insurance Proceeds that secured the Loan to James Garson.

41. As such, Robin Garson and the Estate have been unjustly enriched at James Garson's expense.

42. The Court should impose a constructive trust over the Life Insurance Proceeds, the surrender value of all life insurance proceeds insuring the life of Robin Garson, and the Apartment.

43. James Garson also seeks equitable relief from the Court to insure that he is made whole and fully compensated in all respects for the wrongful conduct of Robin Garson and the Estate.

44. James Garson has no adequate remedy at law.

WHEREFORE, Plaintiff requests Judgment as follows:

(a) Compensatory damages in the amount of $210,000;

(b) Pre-judgment interest according to statute;

(c) A constructive trust over the Life Insurance Proceeds, the surrender value of and all life insurance proceeds up to $210,000 insuring the life of Robin Garson, and the Apartment; and

(d) Such other and further relief as may be just and proper.

Dated: August 3, 2016
New York, New York

ROTTENBERG LIPMAN RICH, P.C.

By: _____
Mark M. Rottenberg, Esq.
C. Zachary Rosenberg, Esq.
369 Lexington Avenue, 16th Floor
New York, New York 10017
(212) 661-3080
mrottenberg@rlrpclaw.com
zrosenberg@rlrpclaw.com

*Attorneys for Plaintiff James Garson*